DAVID F. JOHNSON, individually and as administrator, & another *vs.* TRAVELERS INDEMNITY COMPANY.

Hampden. April 6, 1971. — May 13, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & BRAUCHER, JJ.

*Insurance,* Motor vehicle liability insurance.

In a motor vehicle liability insurance policy obligating the insurer to pay the insured the damages recoverable by him from the owner or operator of an uninsured motor vehicle involved in an accident, and limiting liability to $5,000 for "each person," a provision that "if the insured has other similar insurance . . . applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance" meant, as applied to an insured having two other similar policies issued by the same insurer, each with a limit of liability of $5,000, that the total recovery against the insurer on the three policies was limited to $5,000 [527]; and an additional restriction in each policy, that the insurer should "not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance," imposed a limit of one-third of $5,000 on the payment under each policy [527].

The "other insurance" clause of each of three motor vehicle liability insurance policies having the same insured and insurer, restricting the liability of the insurer to the insured under each policy for damages recoverable by him from the owner or operator of an uninsured motor vehicle involved in an accident to one-third of the insurer's total liability under all three policies of $5,000 for "each person," conflicted with the requirement of G. L. c. 90, § 34L, inserted by St. 1966, c. 260, that such a policy must provide for the payment of all sums "within limits no less" than $5,000 for each person, and the clause was ineffective to the extent of the conflict [528]; and, in the event of death of the insured for which an uninsured motorist was liable, recovery could be had against the insurer under each policy of one-third of the damages for the death or $5,000, whichever was smaller [526, 528].

BILL IN EQUITY filed in the Superior Court on January 6, 1969.

The suit was heard by *Mitchell*, J.

*Frederick S. Pillsbury* for the insurer.

*Thomas J. O'Connor* for the plaintiffs.

BRAUCHER, J. On April 1, 1967, the son of the plaintiffs David F. and Effie Johnson, aged eleven, was struck and killed by an uninsured automobile. The parents had three automobiles, each covered by a separate insurance policy issued by the same insurer. Each policy included Coverage U — Protection Against Uninsured Motorists, with a limit of liability of $5,000 for "each person" in each policy. The boy was an insured under each policy as a relative of the named insured while a resident of the same household.

The insurer is willing to pay a total of $5,000, one-third on each policy, but asserts that its total liability is limited to $5,000. The plaintiffs sought declaratory relief as to the applicable limits. On the pleadings and a statement of agreed facts, the judge made findings of fact, declarations of rights, and an order for a decree. The insurer appeals from a decree that the plaintiffs may recover, when liability and damages are determined, a sum on each policy equal to one-third of the damages, with an upper limit of $5,000 on each policy.

1. The critical clause is identical in each policy. With an exception not applicable here, it reads: ". . . if the insured has other similar insurance available to him and applicable to the accident, *the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance,* and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance" (emphasis supplied).

A somewhat similar clause, applicable to Coverage A, the compulsory liability coverage under G. L. c. 90, § 34A, was interpreted in *Maryland Cas. Co. v. Hunter*, 341 Mass. 238, 244–245, "to mean that each insurer is to share propor-

tionately the total loss, so long as it is not required to pay more than its applicable limit of liability." But that clause did not contain the language italicized above. With the italicized language, the clause may be infelicitous and confusing, but it is not ambiguous. If the italicized language means anything, it must mean that total recovery against the insurer in the present case is limited to $5,000.

2. So interpreted, the clause in each policy imposes a limit of one-third of $5,000 on payment under that policy on account of the death of the insured in this case. The governing statute in 1967 was G. L. c. 90, § 34L, inserted by St. 1966, c. 260.[1] That statute required that each policy provide for payment "within limits no less than those set forth in said" § 34A.[2] The definition of "motor vehicle liability policy" in § 34A requires a policy which provides indemnity for or protection "to the amount or limit of at least five thousand dollars on account of injury to or death of any one person." A clause providing a limit of one-third of $5,000 does not comply with a requirement that the limit be "no less" than "at least $5,000."

---

[1] Uninsured motorist coverage was first authorized by St. 1959, c. 438, § 2, inserting G. L. c. 175, § 111D, which has not been explicitly amended or repealed. See Cohen, Uninsured Motorist Protection — Coverage U in Massachusetts, 51 Mass. L. Q. 135. The 1966 statute made the coverage compulsory "unless the named insured rejects such coverage in writing." In 1968 the 1966 statute was repealed and a new section, G. L. c. 175, § 113L, was enacted in its place. St. 1968, c. 643, §§ 5, 6.

[2] "Section 34L. No motor vehicle liability policy as defined in section thirty-four A shall be issued or delivered to an individual in the commonwealth unless it also provides for the payment of all sums, within limits no less than those set forth in said section thirty-four A, which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, including the owner or operator of a motor vehicle insured by an insolvent insurer, because of bodily injuries, sickness or disease, including death, resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, operation, maintenance or use of such uninsured motor vehicle, unless the named insured rejects such coverage in writing; provided that unless the named insured requests such coverage in writing, it need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer.

"Such policy or endorsement or rider shall provide that determination as to whether the insured or his legal representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the insurer or, if they fail to agree, by arbitration."

3. We therefore agree with the judge's ruling that the "other insurance" clause conflicts with the statute and is ineffective to the extent of the conflict. Our conclusion is in accord with decisions reached by other courts in similar situations. *Bacchus* v. *Farmers Ins. Group Exch.* 106 Ariz. 280. *Sellers* v. *United States Fid. & Guar. Co.* 185 So. 2d 689 (Fla.). *State Farm Mut. Auto. Ins. Co.* v. *Murphy,* 226 Ga. 710. *Morelock* v. *Millers' Mut. Ins. Assn.* 125 Ill. App. 2d 283. *Sturdy* v. *Allied Mut. Ins. Co.* 203 Kan. 783. *Stephens* v. *Allied Mut. Ins. Co.* 182 Neb. 562. *Moore* v. *Hartford Fire Ins. Co. Group,* 270 N. C. 532. *Smith* v. *Pacific Auto. Ins. Co.* 240 Ore. 167. *Harleysville Mut. Cas. Co.* v. *Blumling,* 429 Pa. 389. *Vernon* v. *Harleysville Mut. Cas. Co.* 244 S. C. 152. *Bryant* v. *State Farm Mut. Auto. Ins. Co.* 205 Va. 897. See *Safeco Ins. Co.* v. *Robey,* 399 F. 2d 330 (8th Cir.) (Ark. law); *Pulley* v. *Allstate Ins. Co.* 242 F. Supp. 330 (E. D. Va.), stating that *Travelers Indem. Co.* v. *Wells,* 316 F. 2d 770 (4th Cir.), "is no longer the law." See Annotation, 28 A. L. R. 3d 551. There are contrary decisions. We need not analyze closely the differences in the particular clauses or in the governing statutes in such cases. Nor need we evaluate the arguments which have been made to us as to the wisdom of the statutory requirement. See Soich, Uninsured Motorist Coverage: Past, Present and Future, 6 Duquesne U. L. Rev. 341; Hume, Uninsured Automobile Insurance Coverage, 48 Ill. Bar J. 176, 180; Widiss, Perspectives on Uninsured Motorist Coverage, 62 Northwestern U. L. Rev. 497, 519–523, 564–565.

*Decree affirmed with costs of appeal.*