NANINA B. ZIOLKOWSKI, administratrix, *vs.* THE
CONTINENTAL INSURANCE COMPANY.

Hampden. October 9, 1979. — November 14, 1979.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Insurance,* Motor vehicle liability insurance.

The subrogation rights established in G. L. c. 175, § 113L(4), are
applicable when an insured has received money in judgment on, or
in settlement of, an action for wrongful death. [668-670]

CIVIL ACTION commenced in the Superior Court on
August 19, 1977.

The case was heard by *Cross,* J.

*Patrick J. Bresnahan* for the defendant.

*L. Jeffrey Meehan* for the plaintiff.

HALE, C. J. In this action the plaintiff seeks a declaration of her right to retain the entire proceeds of a settlement paid to her by a third party. The defendant claims that it is entitled to a portion of the proceeds pursuant to its automobile insurance contract with the plaintiff. The proceeds have been placed in an escrow account pending the adjudication of this dispute. A judge of the Superior Court entered a judgment on the pleadings, ordering that the amount held in escrow be disbursed to the plaintiff. From that judgment the defendant has appealed.

The facts are not in dispute. On July 8, 1972, the plaintiff's decedent, her daughter, was a passenger in an uninsured automobile operated by one Premo. The automobile was involved in an accident with an automobile driven by one Schwartz. The automobile driven by Schwartz was owned by Shaw Brothers, Inc., and was insured by the Aetna Casualty and Surety Company. The plaintiff's daughter was fatally injured in the accident.

The plaintiff was insured under an automobile policy issued by the defendant. The policy included an uninsured motorist provision and provided coverage for the plaintiff's daughter. The plaintiff made a claim for benefits under that provision. The claim was submitted to arbitration, and the arbitrator's award ordered the defendant to pay the plaintiff $15,000, which it did in February, 1974. At the time of the payment the plaintiff signed a "trust agreement," requiring her to hold for the benefit of the defendant any rights she might have against another party to the accident and to pay the defendant any proceeds she might receive from a third party up to the $15,000 she had received under the policy.

In June, 1973, the plaintiff commenced an action against Schwartz and Shaw Brothers, Inc., for the wrongful death and for the conscious pain and suffering of her daughter. On April 1, 1974, the defendant notified the plaintiff that under the terms of its insurance contract with the plaintiff, it claimed a right to reimbursement from any proceeds of the action. In March, 1977, the plaintiff settled the claim and received more than $15,000 from Aetna. The defendant claims that it is entitled to $15,000 of the proceeds.

The plaintiff's insurance contract with the defendant provides for payment of all amounts that the insured is legally entitled to recover from an uninsured motorist "because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury'. . . ." The policy also provides that to the extent of a payment made to an insured under the uninsured motorist coverage, the insurer is entitled to the proceeds of any settlement or judgment that may result from any claim by the insured against any person or organization legally responsible for the "bodily injury" for which a payment under the policy was made. These provisions of the policy would entitle the defendant to $15,000 of the settlement proceeds received by the plaintiff. The plaintiff contends, however, that the policy provisions

contravene the requirements of G. L. c. 175, § 113L, inserted by St. 1968, c. 643, § 5. If the policy does contravene those requirements, its provisions are ineffective to the extent of the conflict. *Johnson* v. *Travelers Indem. Co.,* 359 Mass. 525, 528 (1971). We find no conflict.

Section 113L(1) requires automobile insurance policies to provide that an insured will receive benefits for damages caused by an uninsured motorist "because of bodily injury, sickness or disease, including death resulting therefrom." Section 113L(4) provides in pertinent part: "In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury *for which such payment is made* . . ." (emphasis supplied).

The plaintiff argues, and the judge below concluded, that because there is no explicit reference in § 113L(4) to recoveries for death, the subrogation rights established in § 113L(4) are inapplicable when an insured has received money in judgment on, or in settlement of, an action for wrongful death. We disagree.

Subsection 113L(1) establishes the coverage for the entire section. Under § 113L(1) "bodily injury . . . includ[es] death resulting therefrom." According to § 113L(4), the subrogation provisions apply "in the event of payment to any person *under the coverage required by this section*" (emphasis supplied). The phrase "coverage required by this section," appearing in § 113L(4), thus includes death claims. It was unnecessary to repeat "including death resulting therefrom" in § 113L(4).[1]

---

[1] We note that § 113L(4) was before the Supreme Judicial Court in *Aetna Cas. & Sur. Co.* v. *Poirier,* 371 Mass. 257, 260-262 (1976). The court assumed that § 113L(4) subrogation rights were relevant when an

The plaintiff relies principally on *Arnold* v. *Jacobs,* 316 Mass. 81 (1944). That case does not provide support for her position. In *Arnold* the court determined that the settlement of a wrongful death action with one of two tortfeasors and the receipt of the settlement proceeds by the plaintiff did not entitle the insurer of the second tortfeasor to a reduction in the amount which it must pay to the plaintiff under an outstanding judgment against its insured. The court stressed that the penal rather than compensatory nature of a wrongful death recovery made the amount paid by one of two tortfeasors immaterial to the amount owed by the other.[2] This reasoning does not apply to the present case, as here the only payment made by a tortfeasor was that made by Schwartz and Shaw Brothers, Inc. The payment made by the defendant was pursuant to the plaintiff's own insurance policy. Neither the defendant nor its insured, the plaintiff, was a wrongdoer. The payment of the $15,000 by the defendant, therefore, had no punitive character. We hold that the defendant is entitled to subrogation.

The plaintiff also argues that if the defendant is entitled to subrogation, G. L. c. 90, § 34A, as amended by St. 1971, c. 794, and *Johnson* v. *Travelers Indem. Co.,* 359 Mass. 525 (1971), would require that she be allowed to keep $5,000 of the $15,000 paid to her under the policy. We can discern no logic in the plaintiff's argument. There is no connection between the right of subrogation provided in G. L. c. 175, § 113L(4), and the $5,000 minimum for automobile liability insurance set by G. L. c. 90, § 34A, and interpreted in the *Johnson* case.

The judgment is reversed, and a new judgment is to be entered declaring that the defendant is entitled to be

insured had settled a claim based on the wrongful death of her husband.

[2]The wrongful death statute, G. L. c. 229, § 2, in effect in 1972 provided that damages be assessed according to the "degree of culpability" of the tortfeasor.

paid $15,000 from the settlement proceeds held in escrow and ordering that payment be made.

*So ordered.*