Gardner, J.
In December, 2005, plaintiff Sylanda Y. Johnson (“Johnson”) was traveling as a passenger in a vehicle owned by Enterprise Rent-A-Car of Boston, Inc. (“Enterprise”) and operated by Keith O. Baxter (“Baxter”) when it collided with a second vehicle owned by Tammy Lapan and operated by Marc Lapan (“Lapans”). Johnson suffered injuries, and incurred $14,791.24 in medical expenses.
At the time of the accident, Johnson was neither a named insured, nor otherwise covered by the policy of a resident relative. Therefore, in September, 2006, she submitted a claim to Enterprise’s insurer, ELCO Administrative Services, Inc. (“ELCO”), for uninsured motorist (“UM”) coverage of her personal injuries.[2] In October, 2006, Johnson sought arbitration in the superior court.[3]
In February, 2007, before arbitration was completed, Johnson filed this negligence action against the Lapans to recover $14,791.24 in damages for her personal injuries, the same recovery she sought in arbitration for UM benefits. In July, 2007, the Lapans filed a third-party action against Enterprise and Baxter, seeking contribution and indemnification.
After an arbitration hearing in January, 2008, the arbitrator awarded Johnson $16,791.24 in damages.[4] The award consisted of (1) $10,000.00 in damages for her pain and suffering, and (2) $14,791.24 for her medical and hospital expenses, less the amount of PIP benefits, $8,000.00, already paid to her. ELCO paid the arbitration award.
In March, 2008, both the Lapans, and Enterprise and Baxter moving jointly, filed *56 Mass. R. Civ. R, Rule 56, motions for summary judgment on the primary ground that collateral estoppel barred Johnson from litigating the issue of her damages. The trial court allowed both motions in May, 2008, and denied Johnson’s motion for reconsideration in July, 2008. Johnson filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal.
We review a grant of summary judgment de novo. University of Pa. v. Halpern, 2009 Mass. App. Div. 172, 173. There was no error.
1. We note at the outset that the trial court properly decided this negligence action on summary judgment. “Ordinarily, summary judgment is not an appropriate means of resolving negligence cases because, usually, the question of negligence is one of fact.” Coughlin v. Titus & Bean Graphics, Inc., 54 Mass. App. Ct. 633, 638 (2002). “A judge, however, ‘may decide the issue as a matter of law when no rational view of the evidence permits a finding of negligence.’” Id., quoting Roderick v. Brandy Hill Co., 36 Mass. App. Ct. 948, 949 (1994). The facts relevant to the dispositive issue in this case are undisputed.
2. That dispositive question is issue preclusion. Generally, “issue preclusion or collateral estoppel will apply only where (1) there has been a final judgment on the merits; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication, and essential to the earlier judgment.” Mancuso v. Massachusetts Interscholastic Athletic Ass’n, Inc., 453 Mass. 116, 127 n.25 (2009). For issue preclusion purposes, arbitration may constitute a final judgment on the merits. TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 48 Mass. App. Ct. 1, 9 (1999). When arbitration affords an opportunity for the presentation of evidence and argument substantially similar in form and scope to judicial proceedings, an award should have the same effect as a judgment on issues necessarily determined. Miles v. Aetna Cas. & Sur. Co., 412 Mass. 424, 427 (1992), citing Bailey v. Metropolitan Prop. &Liab. Ins. Co., 24 Mass. App. Ct. 34, 36 (1987).
Second, while the Lapans, Enterprise, and Baxter were not parties to Johnson’s UM arbitration, a defendant “can use the doctrine of issue preclusion defensively against a plaintiff who was a party in a prior litigation, even if the defendant himself was not a party in the prior litigation, to the extent that the issues were treated as essential to, and were fully litigated and determined in, the prior litigation.” O’Brien v. Hanover Ins. Co., 427 Mass. 194, 201 n.6 (1998). Third, as specifically noted by the UM arbitrator, the sole issue in that arbitration was the nature and extent of Johnson’s injuries. As the arbitrator’s award fixed the amount of Johnson’s damages for those injuries, she is precluded from relitigating that issue in this personal injury action against the Lapans. See Arbit Chiropractic v. Commerce Ins. Co., 2001 Mass. App. Div. 208, 209 (insured collaterally estopped by UM arbitrator’s award from litigating amount of damages sustained from accident in subsequent PIP action).
Moreover, Johnson, as a personal injury plaintiff, is entitled to only “one recovery ... for all past and reasonably expected future losses.” Bailey, supra at 39. While an injured plaintiff may recover both from the responsible person in a negligence tort action and pursuant to the uninsured portion of an applicable automobile insurance policy, Aetna Cas. & Sur. Co. v. Poirier, 371 Mass. 257, 258-259 (1976); Ziolkowski v. Continental Ins. Co., 8 Mass. App. Ct. 667, 668-669 (1979), the plaintiff may not recover the same damages from both. The arbitrator awarded Johnson full damages for *57 her medical expenses and pain and suffering, and Johnson has not challenged that award. As ELCO has made full payment of the award, Johnson may not recover those damages again in this tort action.
3. Johnson’s reliance on the uninsured motor vehicle statute, G.L.c. 175, §113L, for a contrary result in this case is misplaced. Section 113L(4) of that chapter provides, in pertinent part:
In the event of payment to any person under the coverage required by this section [i.e., insurance against damages caused by uninsured and underinsured motorists] and subject to the terms and conditions of such coverage, the insurer making such payment [here, ELCO] shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made....
Having already been compensated for all of her damages, including medical bills, in arbitration, Johnson has no right of recovery in this action against the Lapans for payment of her medical bills. As to subrogation, the defendants correctly note that this right belongs to ELCO, not Johnson. See Santos v. Lumbermens Mut. Cas. Co., 408 Mass. 70, 85 (1990). Whether ELCO may now bring a claim as subrogee against the Lapans in a separate action was not argued in the parties’ briefs, and need not be addressed by this Division. Dist./Mun. Cts. R. A. D. A., Rule 16(a)(4). See De Vito Auto Restoration v. Card, 2000 Mass. App. Div. 245 n.1.
Judgment affirmed.
So ordered.

 See G.L.c. 175, §113L(5) (“Any injured occupants who are not named insureds on a policy and who are not insured on a resident relative’s policy may obtain uninsured motorist coverage from the named insured’s policy covering the vehicle they occupy when injured.”).

 See G.L.c. 175, §111D (when uninsured motorist insurer and claimant cannot agree as to damages, the issue “shall” be submitted to arbitration).

 In making the award, the arbitrator explicitly stated: “The sole contested issue was the nature and extent of the injuries sustained by the Plaintiff.”