385 So.2d 584 (1980)
Warren P. BOURGEOIS, Individually and as Administrator of the Estate of his Minor Son, Bentley J. Bourgeois
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Royal Globe Insurance Companies, and Ben Alexander, Jr., Individually and as Administrator of the Estate of his Minor Daughter, Nina M. Alexander.
No. 11218.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1980.
Rehearings Denied July 21, 1980.
*585 Becnel & Faucheux, Daniel E. Becnel, Jr., C. William Bradley, Jr., Barry J. Landry, Reserve, for plaintiffs-appellants.
Montgomery, Barnett, Brown & Read, James B. Irwin, New Orleans, for defendant-appellee United States Fidelity & Guaranty Co.
Bernard, Cassisa, Babst & Saporito, Jerry L. Saporito, Stephen K. Conroy, Metairie, for defendant-appellee Royal Globe Insurance Co.
Before GULOTTA, GARRISON and CHEHARDY, JJ.
GULOTTA, Judge.
The question on this appeal is whether a relative of a named insured is excluded from uninsured motorist coverage where the relative was injured in a motorcycle/pick-up-truck accident while riding an uninsured motorcycle owned by the named insured, but not listed or covered as an insured vehicle under the automobile liability insurance policy.
Plaintiff, on behalf of his minor son, Bentley, filed suit against United States Fidelity and Guaranty Company and Royal Globe Insurance Company for injuries suffered by Bentley in the accident. U.S.F. & G. and Royal Globe provide automobile insurance policies listing other vehicles owned by Warren Bourgeois; however, the motorcycle owned by plaintiff and on which Bentley was riding at the time of the accident was neither listed nor covered in the policies. Both insurers filed motions for summary judgment, admitting Bentley was an insured under their policies, but claiming uninsured motorist coverage for this accident was excluded because the motorcycle on which Bentley was riding when injured by the uninsured motorist was not listed on the policy as an insured vehicle. The trial judge granted summary judgment in favor of both insurers, and plaintiff appealed.
The exclusionary clauses on which the insurers base their exclusions for coverage are as follows:
(U.S.F. & G.)
"This policy does not apply under part IV:
(a) To bodily injury to an Insured while occupying an automobile (other than an insured automobile) owned by the Named Insured or a relative or through being struck by such an automobile; * * *"
(Royal Globe)
"This insurance does not apply:
* * * * * *
(b) To bodily injured to an insured while occupying a highway vehicle (other than an insured highway vehicle) owned by the named insured, any designated insured or any relative resident in the same household as the named or designated insured or through being struck by such a vehicle, but this exclusion does not apply to the named insured or his relatives while occupying or if struck by a highway vehicle owned by a designated insured or his relative; * * *"
*586 Uninsured Motorist coverage is mandated by state law. The relevant portion of R.S. 22:1406D(1)(a) states,
"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(1)(a). No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles ... * * *" (emphasis added).
Although neither the Supreme Court, nor this Court, have passed on the issue confronting us in the instant case, our brothers on the First and Third Circuits have concluded that an exclusion for uninsured motorist coverage of an insured as defined in the policy is against public policy. See Griffin v. Armond, 358 So.2d 647 (La.App. 1st Cir. 1978); Thomas v. Nelson, 295 So.2d 847 (La.App. 1st Cir. 1974), writ denied 299 So.2d 791; Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir. 1972), writ refused 266 So.2d 223.
To reach this conclusion, these cases relied on the following statement by the Supreme Court in Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1968):
"We conclude that the intent of our uninsured motorist statute and the policy endorsement issued thereunder is to afford protection to the insured when they become the innocent victims of the negligence of uninsured motorists." 218 So.2d at 583.
In Elledge v. Warren, supra, the Third Circuit concluded:
"[t]he intent of the coverage is to protect the insured at all times against the generalized risk of damages at the hands of the uninsured motorists and not to limit coverage to certain situations or to a certain degree of risk of exposure to the uninsured motorists. * * *
It follows that any policy provision which narrows the coverage mandated by the statute will not be enforced. * * *
There is no requirement in the statute that the insured have any relation, at the time of the accident, with any vehicle he owns and that is insured with the insurer." 263 So.2d at 918.
We are in agreement with the First and Third Circuits.
The statute requires that automobile liability policies provide UM coverage for the protection of persons insured under the policy, unless the named insured rejects the UM coverage. As long as a claimant is insured under the policy, he is entitled to UM coverage whether or not he is driving a vehicle listed or covered under the policy, unless the named insured has rejected the UM coverage. UM coverage, as required under the statute, is designed to protect the persons insured under the policy. Any exclusion providing for more restricted UM coverage is in derogation of the statute.
In Schmidt v. Estate of Choron, 376 So.2d 579 (La.App. 4th Cir. 1979), we concluded that the uninsured motorist exclusion applied to a passenger who was not an insured as defined in the policy. In Schmidt we stated:
"[O]ur plaintiff alleges that she was a guest passenger and not a named insured. Nor does plaintiff allege that she is a relative of a named insured.... Under the circumstances, plaintiff does not allege, nor show by countervailing affidavit, that she comes within the definition of an `insured' as defined in the policy."
See also, Seaton v. Kelly, 339 So.2d 731 (La.1976). Our holding in the instant case is a natural progression and follow-up from our expression in the Schmidt case.
Furthermore, in Niemann v. Travelers Ins. Co., 368 So.2d 1003 (La.1979), the Supreme Court, in holding illegal subrogation and consent-to-settle clauses of a UM policy, *587 stated that because the UM statute neither implicitly nor explicitly sanctioned the clauses, and the clauses served to block the statutorily mandated UM coverage, those clauses were without binding effect.
For the foregoing reasons, we hold that the exclusionary clauses in the U.S.F. & G. and Royal Globe policies, under the uninsured motorist provisions of those policies, do not apply to the relative of the named insured in the instant case. Accordingly, the judgments of the trial court granting summary judgment in favor of defendants are reversed, and the matter is remanded to the trial court for further proceedings consistent with the foregoing. The assessment of costs is to await the outcome of the litigation.
REVERSED AND REMANDED.