Wendell LINDAHL, Appellee,

and

Mary Maxine Lindahl, Plaintiff,

v.

Robert HOWE, Defendant,

and

State Farm Mutual Automobile Insurance Company, Appellant.

No. 83–529.

Supreme Court of Iowa..

March 14, 1984.

Tom W. George of Christensen, Hohnbaum & George, Des Moines, for appellant.

G. Michael Kealhofer of Spellman, Spellman, Spellman, Spellman & Kealhofer, Perry, for appellee.

McCORMICK, Justice.

The trial court awarded plaintiff Wendell Lindahl judgment for $15,000 under the

uninsured motorist coverage of his automobile insurance policy with defendant State Farm Mutual Automobile Insurance Company. In doing so the court invalidated a policy exclusion that otherwise would have barred Lindahl's recovery. State Farm contends the court erred in striking the exclusion. Because we agree with the trial court that the exclusion violates Iowa Code section 516A.1 (1981), we affirm.

The case was tried on stipulated facts. The parties agreed that Lindahl was operating his 1981 Honda motorcycle which collided on September 24, 1981, with an automobile driven by Robert Howe, an uninsured motorist. Lindahl had an automobile insurance policy with State Farm on his 1981 Ford automobile containing uninsured motorist coverage of $15,000. The parties agreed that Lindahl sustained damages in excess of that amount and that he was legally entitled to recover those damages from Howe.

■ This action includes a separate damage claim by plaintiffs Wendell Lindahl and Mary Maxine Lindahl against Howe based on Howe's alleged negligence in causing Wendell's injuries. The record does not show any disposition of that claim. Without deciding whether this circumstance makes the judgment against State Farm interlocutory, we assume it is and treat the appeal as an application for permission to appeal. We sustain the application pursuant to Iowa Rule of Appellate Procedure 1(c). Thus we address the merits of the appeal.

State Farm denied coverage because of a policy exclusion which provided:

When Coverage U Does Not Apply

THERE IS NO COVERAGE:

. . . .

2. FOR *BODILY INJURY* TO AN *INSURED:*

a. WHILE *OCCUPYING,* OR

b. THROUGH BEING STRUCK BY A MOTOR VEHICLE OWNED BY *YOU, YOUR SPOUSE* OR ANY *RELATIVE* IF IT IS NOT INSURED FOR

THIS COVERAGE UNDER THIS POLICY.

(Emphasis in original). In this appeal from the trial court's determination that the exclusion is invalid, State Farm contends the exclusion is authorized by the provisions of Code chapter 516A, Iowa's uninsured motorist statute.

The material provisions of chapter 516A are as follows:

516A.1 No automobile liability or motor vehicle liability insurance policy insuring against liability for bodily injury or death arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, *unless coverage is provided in such policy or supplemental thereto, for the protection of persons insured under such policy who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle* or a hit-and-run motor vehicle or an underinsured motor vehicle *because of bodily injury,* sickness, or disease, including death resulting therefrom, *caused by accident* and arising out of the ownership, maintenance, or use of such uninsured or underinsured motor vehicle, or arising out of physical contact of such hit-and-run motor vehicle with the person insured or *with a motor vehicle which the person insured is occupying at the time of the accident.* Both the uninsured motor vehicle or hit-and-run motor vehicle coverage, and the underinsured motor vehicle coverage shall include limits for bodily injury or death at least equal to those stated in section 321A.1, subsection 10. The form and provisions of such coverage shall be examined and approved by the commissioner of insurance.

. . . .

516A.2 Except with respect to a policy containing both underinsured motor vehicle coverage and uninsured or hit-and-run motor vehicle coverage, nothing contained in this chapter shall be con-

strued as requiring forms of coverage provided pursuant hereto, whether alone or in combination with similar coverage afforded under other automobile liability or motor vehicle liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits for bodily injury or death prescribed in subsection 10 of section 321A.1. *Such forms of coverage may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits.*

(Emphasis added).

■ The conditions for mandatory coverage specified in section 516A.1 are present in this case. Lindahl was injured while occupying a vehicle that collided with an uninsured motorist from whom the parties agree he is legally entitled to recover damages in excess of the uninsured motorist coverage of State Farm's policy. State Farm seeks to defeat coverage under its exclusion on the ground Lindahl's uninsured motorist coverage was purchased in an insurance policy on a motor vehicle other than the one he was occupying at the time of the accident. Although this court has not previously decided this question, the majority of courts that have addressed it under similar statutes in other jurisdic-

tions have held that the exclusion violates the mandatory statutory coverage requirement.[1] In doing so, the courts have interpreted the statute as requiring minimum protection of persons to the same extent as if the uninsured tortfeasor had liability coverage in the amounts specified in financial responsibility laws. *See* 3 R. Long, *The Law of Liability Insurance* § 24.23[1] (1983); A. Widiss, *A Guide to Uninsured Motorist Coverage* § 2.9 (1969 & Supp. 1981).

This court used similar reasoning in striking an exclusion in *Rodman v. State Farm Mutual Automobile Insurance Co.,* 208 N.W.2d 903 (Iowa 1973). In that case the insured person was injured in an accident while riding in his own insured automobile which was being driven by an uninsured permissive user. The insured obtained a judgment against the driver which State Farm refused to pay because of an exclusion of uninsured motorist coverage for injuries to the policyholder while occupying an insured motor vehicle. In holding the exclusion violated the statutory mandate, the court said:

It is plain the legislature intended to assure protection to an insured against motorists whose liability to the insured is not covered. Under the uninsured motorist statute we believe an automobile or motor vehicle liability policy must protect the insured in any case to the same extent as if the tortfeasor had carried

1. *State Farm Auto. Ins. Co. v. Reaves,* 292 Ala. 218, 292 So.2d 95 (1974); *Aetna Ins. Co. v. Hurst,* 2 Cal.App.3d 1067, 83 Cal.Rptr. 156 (1969); *Mullis v. State Farm Mut. Auto. Ins. Co.,* 252 So.2d 229 (Fla.1971); *Bass v. State Farm Mut. Auto. Ins. Co.,* 128 Ga.App. 285, 196 S.E.2d 485, *aff'd,* 231 Ga. 269, 201 S.E.2d 444 (1973); *Kau v. State Farm Mut. Auto. Ins. Co.,* 58 Hawaii 49, 564 P.2d 443 (1977); *Doxtater v. State Farm Mut. Auto. Ins. Co.,* 8 Ill.App.3d 547, 290 N.E.2d 284 (1972); *State Farm Mut. Auto. Ins. Co. v. Robertson,* 156 Ind.App. 149, 295 N.E.2d 626 (1973); *Barnett v. Crosby,* 5 Kan.App.2d 98, 612 P.2d 1250 (1980); *Bourgeois v. United States Fidelity & Guar. Co.,* 385 So.2d 584 (La.App.), *cert. denied,* 393 So.2d 736 (La.1980); *Pennsylvania Nat'l Mut. Casualty Ins. Co. v. Gartelman,* 288 Md. 151, 416 A.2d 734 (1980); *Bradley v. Mid-Century Ins. Co.,* 409 Mich. 1, 294 N.W.2d 141 (1980); *Nygaard v. State Farm Mut. Auto.*

*Ins. Co.,* 301 Minn. 10, 221 N.W.2d 151 (1974); *Lowery v. State Farm Mut. Auto. Ins. Co.,* 285 So.2d 767 (Miss.1973); *Otto v. Farmers Ins. Co.,* 558 S.W.2d 713 (Mo.App.1977); *Jacobson v. Implement Dealers Mut. Ins. Co.,* Mont., 640 P.2d 908 (1982); *State Farm Mut. Auto. Ins. Co. v. Hinkel,* 87 Nev. 478, 488 P.2d 1151 (1971); *Beek v. Ohio Casualty Ins. Co.,* 73 N.J. 185, 373 A.2d 654 (1977); *Chavez v. State Farm Mut. Auto. Ins. Co.,* 87 N.M. 327, 533 P.2d 100 (1975); *Cothren v. Emcasco Ins. Co.,* 555 P.2d 1037 (Okl.1976); *State Farm Mut. Auto. Ins. Co. v. Williams,* 481 Pa. 130, 392 A.2d 281 (1978); *Hogan v. Home Ins. Co.,* 260 S.C. 157, 194 S.E.2d 890 (1973); *Allstate Ins. Co. v. Meeks,* 207 Va. 897, 153 S.E.2d 222 (1967); *Touchette v. Northwestern Mut. Ins. Co.,* 80 Wash.2d 327, 494 P.2d 479 (1972); *Bell v. State Farm Mut. Auto. Ins. Co.,* 157 W.Va. 623, 207 S.E.2d 147 (1974).

liability insurance covering his liability to the insured in the amounts required to establish financial responsibility.

*Id.* at 909. We see no reason to depart from this interpretation in the present case.

■ State Farm argues the effect of this view is to give an insured protection he did not pay for. This is probably true any time an exclusion is stricken. The short answer is that an insurer may not sell less coverage than is required by the statute. We also note, however, that the record does not show whether or to what extent the rate for uninsured motorist coverage was affected by the exclusion or by coverage of the insured while riding as a guest passenger of an uninsured motorist.

■ The exclusion is also defended on the ground the policy was approved by the insurance commissioner. Assuming the policy was approved although the record does not show it, we have no reason to treat acquiescence in the form of the policy as an adjudication by the commissioner of the validity of the exclusion. *See Rodman,* 208 N.W.2d at 908. Such acquiescence could not in any event divest the courts of their duty to give the statute its ultimate authoritative interpretation.

Finally, State Farm asserts the exclusion is authorized by the language of section 516A.2, permitting exclusions "which are designed to avoid duplication of insurance or other benefits." Whatever insurance or benefits the exclusion is designed to avoid duplicating are not named in the policy, and none are shown to exist in this case. This situation is thus not controlled by *Davenport v. Aid Insurance Co.,* 334 N.W.2d 711 (Iowa 1983), *Westhoff v. American Interinsurance Exchange,* 250 N.W.2d 404 (Iowa 1977), and *McClure v. Employers Mutual Casualty Co.,* 238 N.W.2d 321 (Iowa 1976), in which potential duplication identified in the policy was found to exist. The broad mandate of coverage under section 516A.1 would mean little if an insurer could defend any exclusion of coverage by asserting it was designed to prevent a possible duplication of insurance or other benefits without regard to whether such duplication occurs. We do not believe the legislature intended such a result.

We recognize that the Tennessee Supreme Court upheld a similar exclusion in similar facts in *Hill v. Nationwide Mutual Insurance Co.,* 535 S.W.2d 327 (Tenn.1976). That court found a legislative intent in Tennessee's uninsured motorist statute "to provide less than broad coverage." *Id.* at 330. The court relied in part on *Holt v. State Farm Mutual Automobile Insurance Co.,* 486 S.W.2d 734 (Tenn.1972), which we refused to follow in *Rodman. See* 208 N.W.2d 910. The Tennessee court also speculated that a duplication of benefits would have been possible if the vehicle operated by the insured had its own separate uninsured motorist coverage. *See* 535 S.W.2d at 332. The court thus based its holding on the possibility the exclusion was designed to prevent "stacking" of coverage.

This reasoning is not persuasive. Insurers know how to prevent stacking of coverage by specific policy provisions tailored to that event. *See Westhoff,* 250 N.W.2d at 406; *McClure,* 238 N.W.2d at 323–24. The present policy contains a specific anti-stacking provision. This court upheld such provisions on the authority of the second sentence of section 516A.2 in *McClure. See* 238 N.W.2d at 327. In doing so, however, the court reconciled the result of applying such provisions with the mandatory coverage requirement of section 516A.1 by noting, "The other insurance clauses before us do not purport to reduce the uninsured motorist insurance below the statutory minimum of $10,000 for each person and $20,000 for each accident." *Id.* We cannot say the same thing about the exclusion at issue in the present case.

■ In authorizing exclusions which are designed to avoid duplication of insurance or other benefits, we believe our legislature intended only to authorize insurers to exclude coverage for contingencies in which duplication actually occurs. Otherwise an insured who is injured by the tort of an uninsured motorist could be denied the cov-

erage mandated by section 516A.1 even when no other source of compensation exists. The purpose of the statute thus would be defeated.

We uphold the decision of the trial court.

AFFIRMED.

All Justices concur except SCHULTZ, McGIVERIN, CARTER and WOLLE, JJ., who dissent.

SCHULTZ, Justice (dissenting).

I cannot agree with the majority since I find nothing in Iowa Code chapter 516A that would prohibit an insurer from excluding from coverage any damages arising out of the use of vehicles that the insured owns but does not choose to insure. In effect, the majority opinion provides gratuitous insurance to all uninsured vehicles that a policy holder may own. I cannot perceive any intent by the legislature to compel this kind of unlimited gratuitous coverage.

This case differs from *Rodman v. State Farm Mutual Insurance Co.*, 208 N.W.2d 903 (Iowa 1973). In *Rodman* the insured paid a premium for uninsured motorist coverage on the very vehicle involved in the accident. Here, Lindahl did not pay any insurance premium for the vehicle involved in the accident.

I would give effect to the policy exclusion and reverse the ruling of the trial court.

McGIVERIN, CARTER, and WOLLE, JJ., join this dissent.