PER CURIAM.
This is an uninsured motorist case.
The plaintiff, Bennie C. Gatson, sued Annette Smith and Integrity Insurance Company (Integrity), alleging that the plaintiff had been injured and damaged in an automobile accident on May 25, 1983 as a proximate result of the tort of the defendant Smith, who was an uninsured motorist, and that Integrity had insured the plaintiff for losses caused by bodily injury resulting from the use of an uninsured motor vehicle.
Both Integrity and the plaintiff requested admissions from each other and responses were made to the requests. Integrity filed a motion for a summary judgment and the trial court granted a summary judgment in Integrity’s favor and against the plaintiff. It was entered by the trial court as a final judgment under the provisions of rule 54(b) of the Alabama Rules of Civil Procedure. The plaintiff has appealed and we have been provided with excellent briefs from both sides.
From the requests for admissions and the responses thereto and the rest of the record, the following admitted and undisputed facts appear. On January 23, 1983 the plaintiff obtained insurance upon a 1980 Cadillac Seville automobile from Integrity. The policy contained the following exclusionary provision as to uninsured motorist coverage contained therein:
“A. We do not provide uninsured motorist coverage for bodily injury sustained by any person:
“1. While occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.”
That policy was in effect on May 25, 1983 when the plaintiff was driving a 1967 Pontiac GTO automobile which he owned. At that time he was injured in the accident with the defendant Smith who, for the purposes of this appeal, may be considered as *362 an uninsured motorist. The Pontiac GTO was not listed as an insured vehicle in Integrity’s policy and was itself an uninsured vehicle.
The determinative question is whether the owned automobile exclusion in the policy is valid and enforceable in Alabama or whether it is void as violating the following pertinent provisions of the uninsured motorist statute:
“No automobile liability ... policy ... shall be delivered or issued for delivery in this state ... unless coverage is provided therein ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury ....”
§ 32-7-23, Code 1975. We must conclude that the exclusion violates the statute and is void on that account.
Courts in other jurisdictions have determined similar policy exclusions to be invalid under equivalent state statutes. Kau v. State Farm Mutual Automobile Insurance Co., 58 Haw. 49, 564 P.2d 443 (1977); State Farm Mutual Automobile Insurance Co. v. Robertson, 156 Ind.App. 149, 295 N.E.2d 626 (1973); Bourgeois v. United States Fidelity & Guaranty Co., 385 So.2d 584 (La.Ct.App.1980). In the Bourgeois case it was stated, “As long as a claimant is insured under the policy, he is entitled to UM coverage whether or not he is driving a vehicle listed or covered under the policy, unless the named insured has rejected the UM coverage.” 385 So.2d at 586. Here, Integrity makes no claim that the plaintiff had rejected uninsured motorist coverage upon the Pontiac GTO. The plaintiff had no insurance upon it.
It is not necessary, however, to rely upon the decisions of other states, for the law of Alabama appears to be settled upon the issue.
In State Farm Automobile Insurance Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974), it was held that a policy exclusion was void which excluded from uninsured motorist coverage “ ‘bodily injury to an insured while occupying ... a land motor vehicle owned by the named insured ... if such vehicle is not an owned motor vehicle.’ ” According to the policy definitions, an owned motor vehicle was a motor vehicle which was described in the policy declarations. While the language of the policy in the Reaves case was.more formal and stilted than in Integrity’s policy, the exclusions in both policies were identical as to actual meaning. The Reaves case stated as follows:
“Thus, in the absence of any language in the statute authorizing the exclusion, no exclusion for injuries suffered while driving a vehicle ‘not an owned motor vehicle’ (i.e. not listed in that particular policy) may be created by the policy. While there may be some argument which may be made in favor of such an exclusion, the fact remains that the statute mandates coverage and the legislature did not see fit to provide for such an exclusion. Higgins v. Nationwide Mutual Insurance Co., [291 Ala. 462, 282 So.2d 301 (1973) ].”
292 Ala. at 224, 292 So.2d at 100. Able counsel for Integrity has diligently attempted to distinguish the Reaves case from the present issue; however, we are not convinced that the rationale of the Reaves case is not here applicable.
The law from the leading cases of our supreme court upon the problem of policy exclusions to uninsured motorist coverage has been ably summarized as follows:
“A careful reading of the underlined portions of the decisions in the Higgins and Reaves cases convinces this court that the supreme court has taken the position ‘that where an exclusion in a policy is more restrictive than the Uninsured Motorist Statute, it is void and unenforceable.’ Furthermore, ... the supreme court in Higgins and Reaves said that in the absence of an exclusion *363 in the Act, none is authorized to be read into it. In other words the legislature could have authorized exclusions in the uninsured motorist statute but not having done so, no such exclusions are permitted. The inclusion of such provisions in the uninsured motorist section of an automobile liability insurance policy tends to limit or restrict the uninsured motorist coverage and thereby conflicts with the Act.”
Alabama Farm Bureau Mutual Casualty Insurance Co. v. Mitchell, 373 So.2d 1129, 1134 (Ala.Civ.App.1979). The reasons for that rule as stated in the prior cases are extensively quoted in the Mitchell opinion and will not be here reiterated.
We are required to follow the decisions of the supreme court. § 12-3-16, Code 1975. The exclusion in Integrity’s policy was void and unenforceable in Alabama as being contrary to the provisions of § 32-7-23, Code 1975. The policy provision is more restrictive than the uninsured motorist coverage required by that statute to be afforded for “the protection of persons insured.” Therefore, the learned and respected trial court erred in granting Integrity’s motion for a summary judgment and we reverse that final judgment and remand the matter to the circuit court.
REVERSED AND REMANDED.
All the Judges concur.