This is an uninsured motorist insurance case.
The insured, while driving an automobile owned by him but not covered under his automobile liability insurance policy, was injured in an automobile accident by an uninsured motorist. The insurer refused to pay under the insured's uninsured motorist policy, and the insured brought an action against the insurer for non-payment under the policy.
The insurer claims that the uninsured motorist policy clearly excluded coverage for the insured while occupying a motor vehicle owned by the insured but not covered under the liability portion of the policy.
The case was submitted before the Circuit Court of Mobile County on a stipulated set of facts. The trial court granted a judgment in favor of the insured in an amount of $10,000.
The insurer appeals, and we have been provided with excellent briefs from both parties.
The dispositive issue is whether the exclusion of coverage in the uninsured motorist policy is in conflict with the Alabama Uninsured Motorist Act, § 32-7-23, Ala. Code (1975), and is, therefore, unenforceable.
This identical question has been presented to this court inGatson v. Integrity Insurance Co., 451 So.2d 361 (Ala.Civ.App. 1984), and this court answered in the affirmative. The facts inGatson are also very similar to the facts in the instant case. Interested parties can refer to our decision in Gatson. We, needless to say, reaffirm Gatson.
Additionally, our supreme court has recently considered a similar question in regard to uninsured motorist coverage inState Farm Mutual Automobile Insurance Co. v. Jackson,462 So.2d 346 (Ala. 1984). The court held that uninsured motorist coverage inures to a person, not a vehicle, and the coverage is not dependent on the insured person being injured in connection with a vehicle which is covered by the liability insurer.Jackson, 462 So.2d at 353. See also State Farm AutomobileInsurance Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974). *Page 1254 
Clearly, in view of the above holdings, the exclusion of coverage in the uninsured motorist policy is contrary to Alabama law and is unenforceable.
Therefore, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.