Roger L. WILLIAMS and Pamela S. Williams, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 92–2334.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1993.

Decided May 3, 1993.

Rehearing Denied May 28, 1993.

782

Joseph J. Hrvol, Council Bluffs, IA, argued, for appellants.

Henry A. Harmon, Des Moines, IA, argued (Ken A. Winjum, on the brief), for appellee.

Before LOKEN and HANSEN, Circuit Judges, and MURPHY,* District Judge.

HANSEN, Circuit Judge.

This diversity case involves an Iowa two-vehicle accident. Roger L. Williams and Pamela S. Williams sued their insurer, State Farm Mutual Automobile Insurance Compa-

* The HONORABLE DIANA E. MURPHY, Chief Judge of the United States District Court for the District of Minnesota, sitting by designation.

ny (State Farm), seeking recovery under both the *un*insured and the *under*insured provisions of their automobile insurance policy. The district court[1] granted summary judgment in favor of State Farm. The Williamses appeal. We affirm.

## I.

The following facts are undisputed by both parties. State Farm originally insured three motor vehicles owned by Roger. Williams: (1) a 1985 Yamaha motorcycle; (2) a 1975 Chevrolet Blazer; and (3) a 1991 Chevrolet Camaro. The State Farm automobile insurance policy (insurance policy) provided, among other things, both *un*insured and *under*insured motor vehicle coverage of $100,000 per person and $300,000 per accident for each owned and insured vehicle listed on the insurance policy's declarations page. *See* Declarations Page, Exhibit B, Appendix at 19B. The insurance policy contained an amendatory endorsement which provided in part:

> THERE IS NO COVERAGE FOR DAMAGES IN EXCESS OF THE AMOUNT OF THE MINIMUM LIMITS OF LIABILITY REQUIRED BY IOWA LAW UNDER:
>> a. UNINSURED MOTOR VEHICLE—COVERAGE U, OR
>> b. UNDERINSURED MOTOR VEHICLE—COVERAGE W
> FOR BODILY INJURY TO AN INSURED:
>> a. WHILE OCCUPYING, OR
>> b. THROUGH BEING STRUCK BY A MOTOR VEHICLE OWNED BY YOU, YOUR SPOUSE OR ANY RELATIVE IF IT IS NOT *YOUR CAR*, A NEWLY ACQUIRED CAR OR A TEMPORARY SUBSTITUTE CAR.

Amendatory Endorsement, Exhibit E, at 4. The phrase "YOUR CAR" is defined in the insurance policy as "the car or the vehicle described on the declarations page." *See* Insurance Policy, Exhibit D, at 3. In other words, "YOUR CAR" refers to a specific car or vehicle that is insured under the insurance

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

policy, and does not include all cars or vehicles a policy holder may own at any one time.

The amendatory endorsement also states that both the *un*insured and the *under*insured coverage apply only as excess insurance when the insured is operating a vehicle which is owned by the policy holder but not insured under the insurance policy:

If the insured sustains bodily injury while occupying a vehicle owned by you, your spouse or relative which is not your car, a newly acquired car or a temporary substitute car, this policy shall:

a. be excess; and

b. apply only in an amount that does not exceed the applicable minimum limit required by Iowa law for bodily injury liability.

Amendatory Endorsement, Exhibit E, at 4.

The insurance policy defines both an *un*insured and an *under*insured motor vehicle. An *un*insured motor vehicle is defined in part as "a land motor vehicle ... which is not insured or bonded for injury liability at the time of the accident." *See* Insurance Policy, Exhibit D, at 9. An *under*insured motor vehicle, on the other hand, is defined in part as a land motor vehicle that is insured or bonded for injury liability at the time of the accident but whose limits of liability are less than the amount of the insured's damages. *Id.* at 10. The insurance policy specifically excludes from the definition of an *under*insured motor vehicle any "*un*insured motor vehicle" in the insured's insurance policy. *Id.*

Effective on August 10, 1990, Roger Williams voluntarily cancelled his State Farm automobile insurance policy on his 1985 Yamaha motorcycle. About one month later on September 9, 1990, Roger Williams was involved in an accident while driving his owned but now not insured Yamaha motorcycle. A truck driven by Mark Crisler and owned by Merle Clausen collided with Williams's motorcycle and severely injured Williams. The Clausen truck was *un*insured. Roger Williams and his wife Pamela filed suit on September 6, 1991, against State Farm in the Iowa District Court for Pottawattamie County. State Farm removed the case to federal court on diversity grounds pursuant to 28

U.S.C. § 1332 and counterclaimed for declaratory judgment.

On October 16, 1991, the Williamses individually and as husband and wife entered into a Release and Settlement Agreement with Clausen, the owner of the truck. Under the terms of the Release Agreement, Williams received $40,000 in consideration for releasing Merle Clausen, Catherine Clausen, MC Equipment Company, and Merle Clausen d/b/a MC Equipment Company from all liability arising from the accident. State Farm consented to the Release Agreement. Mark Crisler, the *un*insured driver of the *un*insured truck, was not part of the Release Agreement and therefore remained potentially liable for Williams's injuries.

The district court granted summary judgment in favor of State Farm and dismissed the Williamses' complaint with prejudice. The Williamses appeal and argue, among other things, that both the *un*insured coverage and the *under*insured coverage on their two insured cars, the Blazer and the Camaro, should apply to their owned but not insured Yamaha motorcycle and that both coverages should be "stacked" together to provide $200,000 worth of coverage.

## II.

We review de novo a district court's grant of summary judgment. *United States ex rel. Glass v. Medtronic, Inc.*, 957 F.2d 605, 607 (8th Cir.1992). Therefore, we apply the same standard as applied by the district court. *United Tel. Co. of Mo. v. Johnson Publishing Co., Inc.*, 855 F.2d 604, 607 (8th Cir.1988). Summary judgment is appropriate when there is no dispute between the parties as to any genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In addition, because the district court's jurisdiction was based on diversity grounds, this Court reviews de novo questions of state law. *Salve Regina College v. Russell*, 499 U.S. 225, ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

The Supreme Court of Iowa has stated that an insured who is covered by both *un*insured and *under*insured automobile in-

784

surance is entitled to recover under only one, but not both, of those coverage provisions. *Thomas v. American Family Mut. Ins. Co.,* 485 N.W.2d 298 (Iowa 1992). The determination of which provision applies is based on the coverage status of the tortfeasor's vehicle. *Id.* at 299. For example, if the tortfeasor's vehicle is *un*insured, then the insured victim injured in the accident is limited to collecting only under the victim's *un*insured motorist provision. *Id.* In the context of *un*insured motorist coverage, the Supreme Court of Iowa has adopted a "narrow coverage view" and looks to determine only " 'whether the insured will receive minimum compensation as set by [Iowa Code §§ 516A.1 and 321A.1(10) ].' " *Id.* (quoting *Veach v. Farmers Inc. Co.,* 460 N.W.2d 845, 848 (Iowa 1990)). Under Iowa Code §§ 516A.1 and 321A.1(10), the level of minimum compensation required by Iowa law in this case is $20,000.

Here the Clausen truck had no insurance and, therefore, under Williams's policy was *un*insured. Consequently, the Williamses' recourse is to look to the *un*insured motorist provision of their insurance policy to determine what if anything they are entitled to recover.[2]

The *un*insured motorist provision contained in Williams's insurance policy expressly states that there is no coverage for damages in excess of the minimum levels of liability required by Iowa law for an insured who sustains a bodily injury while occupying an *owned but not insured vehicle. See* Amendatory Endorsement, Exhibit E, at 4. The minimum level of liability required by Iowa law is $20,000. Williams's insurance policy also expressly states that if an insured sustains a bodily injury while occupying an owned but not insured vehicle, the *un*insured provision only provides excess coverage to guarantee that the insured receives at least the $20,000 minimum level of compensation. In addition, the insurance policy expressly states that the Williamses' potential recovery under the *un*insured provision shall be reduced by any amount paid to the Williamses from other parties legally liable for

Williams's bodily injuries. In other words, the insurance policy's *un*insured provision entitles State Farm to offset any of its potential liability by the amount of money previously paid to the insured by a party legally liable for the insured's injuries. This offset provision is valid under Iowa law. *See Thomas,* 485 N.W.2d at 300 (citing *McClure v. Northland Ins. Co.,* 424 N.W.2d 448, 450 (Iowa 1988) and *Davenport v. Aid Ins. Co.,* 334 N.W.2d 711, 714–15 (Iowa 1983)). In fact, Iowa Code § 516A.2 provides in part that *un*insured coverage "may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits."

In this case, Roger and Pamela Williams received $40,000 from Clausen under the terms of the Release and Settlement Agreement. Proceeds recovered by an insured from settlements with tortfeasors fall within the category of "insurance or other benefits" under § 516A.2 and therefore must be deducted from the benefits due under the *un*insured motorist provision. *Davenport v. Aid Ins. Co. (Mut.),* 334 N.W.2d 711, 715 (Iowa 1983). Because the Williamses have already recovered more than the minimum $20,000 amount required by Iowa law for *un*insured coverage, we conclude that the Williamses are not entitled to any additional recovery under the insurance policy. Therefore, State Farm is not liable to the Williamses for any amount.

The Williamses next argue that *Lindahl v. Howe,* 345 N.W.2d 548 (Iowa 1984) holds that an owned but not insured exclusion in an automobile *un*insured policy is invalid, and therefore, State Farm's exclusion is invalid. We disagree. In *Lindahl,* the specific *un*insured policy provision excluded all coverage if the insured policyholder was involved in an accident while driving an owned but not insured vehicle. *Id.* at 549. The Supreme Court of Iowa held that this exclusion was invalid because it denied the insured policyholder the minimum amount of *un*insured coverage provided in Iowa Code § 516A.1. *Id.* at 550–51. Section 516A.1 guarantees

---

**2.** Because this is an *un*insured coverage case, the Williamses' arguments about the applicability of their *under*insured coverage provisions are irrele-

vant. Their "stacking" issue was not decided by the trial court and, consequently, is not before us on appeal.

that an insured policyholder is protected to "the same extent as if the *un*insured tortfeasor had liability coverage in the amount specified in financial responsibility laws." *Id.* at 550 (citation omitted).

In contrast to *Lindahl,* however, State Farm's exclusion is consistent with the goal of § 516A.1 by ensuring that Williams is covered up to the $20,000 statutory limit required by Iowa law. Because the goal of "minimum compensation" in the *un*insured coverage context is met, State Farm's exclusion is valid under Iowa law.

The Williamses also argue that this set-off provision violates public policy and therefore is void under Iowa law. We disagree. The Williamses cite cases that involve *under*insured coverage. As we previously stated, this is not an *under*insured coverage case. This is an *un*insured coverage case. The critical distinction involves the different Iowa goals of *un*insurance and *under*insurance and constitutes the fatal flaw in the Williamses' argument. The goal of *under*insured motorist coverage is full compensation to the insured victim in order to make the victim "whole." *Thomas,* 485 N.W.2d at 299. In contrast, the goal of *un*insured motorist coverage is to ensure minimum compensation to insured victims when injured by a person with no liability insurance. *Id.; see also Kluiter v. State Farm Mut. Auto. Ins. Co.,* 417 N.W.2d 74, 75 (Iowa 1987) ("Uninsured motorist coverage guarantees a minimum recovery while underinsured motorist coverage seeks to provide compensation to the extent of injury, subject to the policy limit."). The set-off provision is consistent with the goal of *un*insurance and therefore valid under Iowa law.

After thorough review, we conclude that the remaining issues raised by the Williamses are without merit. Accordingly, we affirm the judgment of the district court.