John CZAJKA, Appellant,

v.

Paul D. CASPARI, Barbara Buescher, Dr. Schoenen, Appellees.

No. 93–1254.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1993.

Decided June 16, 1993.

---

1. The Honorable Garnett Thomas Eisele, Senior United States District Judge for the Eastern Dis-trict of Arkansas.

John Czajka, pro se.

Kathi L. Chestnut, St. Louis, MO, argued, for appellees.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

John Czajka, a former Missouri inmate, appeals the district court's[1] grant of summary judgment in favor of defendants in this 42 U.S.C. § 1983 action claiming Eighth Amendment violations. We affirm.

In January 1991, Czajka filed this action against Paul Caspari, Superintendent of the Missouri Eastern Correctional Center (MECC); Dr. Robert Schoenen, Chief Medical Officer for the Missouri Department of Corrections; and Barb Buescher, MECC Health Care Supervisor. He alleged that, after he injured his left shoulder while playing football at the prison, Schoenen acted with deliberate indifference to his serious medical needs by delaying surgery scheduled by Czajka's orthopedic physician, Dr. William Skimming; that Buescher, in retaliation for Czajka's previous litigation against her, attempted to interfere with his medical treatment by sending false information about him to Schoenen; and that Caspari, despite his knowledge of Buescher's "pattern and practice of deliberate indifference" to Czajka's serious medical needs, failed to take remedial action.

Defendants moved for summary judgment and supported their motions with affidavits and exhibits. Czajka responded. The district court granted summary judgment to defendants, and Czajka appealed.

We review de novo a district court's grant of summary judgment, *Williams v. State Farm Mut. Auto. Ins. Co.*, 992 F.2d 781, 783 (8th Cir.1993), and must affirm when the plaintiff has failed to make a sufficient showing of an essential element of his case, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The uncontroverted evidence showed that Schoenen reviewed Czajka's medical records, discussed Czajka's condition with his attending physician, and made a medical judgment that the surgery could be postponed. After learning that Czajka's condition had changed, Schoenen amended his decision and rescheduled the surgery. We conclude that Czajka merely disagreed with Schoenen's decision to delay the surgery, and, as a result, his Eighth Amendment claim of deliberate indifference fails. *See Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir.1990). We reject Czajka's argument that Schoenen was bound by Skimming's judgment that surgery was required: the undis-

puted evidence showed that Schoenen had the final authority to decide whether the surgery should be performed. In addition, there was no evidence that Schoenen's decision to delay the surgery "so deviated from professional standards that it amounted to deliberate indifference." *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir.1990). The uncontroverted evidence also showed that Schoenen did not rely on any statements made by Buescher. Therefore, even assuming that Buescher's statements concerning Czajka were false, Czajka did not suffer any harm as a result of those statements. Thus, the district court correctly granted summary judgment to Schoenen and Buescher.

Inasmuch as Czajka failed to establish a claim against Schoenen or Buescher, he also failed to establish a basis upon which to hold Caspari liable for failing to supervise his subordinates. *See Bolin v. Black*, 875 F.2d 1343, 1347 (8th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 542, 107 L.Ed.2d 539 (1989).

Accordingly, we affirm.