16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Larry KING, Appellant,
v.
MARKS, Dr., Appellee.
 No. 93-2620.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 24, 1993.
Filed: January 10, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry King, an Arkansas inmate, appeals the district court's[1] grant of summary judgment in favor of defendant in King's 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 In October 1992, King filed this section 1983 complaint against the Arkansas Department of Correction[2] and "Doctor Marks," based on "deliberate indifference." King alleged that Marks "claimed" King was classified as M-3P, i.e., handicapped but capable of work; that King suffered from a back injury and therefore should have been classified as sick and unable to work; and that he was assigned to punitive isolation for not going to work, even though requiring an inmate to perform tasks beyond his physical capabilities violates the Eighth Amendment. King also alleged that Dr. Kaczenski, on staff at the Arkansas State Hospital, had classified him as totally disabled (a Social Security classification given prior to King's incarceration). King sought damages, and requested a jury trial and appointment of counsel. In a document that the district court labeled as a "Brief in Support of Complaint," King stated that, after he was placed in punitive isolation for not working, he filed grievances; when prison officials asked Marks whether King was able to work, Marks said he was; and this caused his punitive-isolation status to continue.
 
 
 3
 In his answer, Bill Marks admitted that he was the infirmary administrator at Cummins, but he denied he had any responsibility for King's job assignments or his medical classification. Marks also denied that he had been deliberately indifferent to King's serious medical needs. Marks then moved for summary judgment. In support of his motion, Marks attached his affidavit stating that he was employed by PHP Healthcare Corporation, the health care provider at Cummins, in an administrative capacity. Marks attested that it was not his responsibility "to conduct physical examinations" or "participate in medical classifications." Marks also attested that his responsibilities included insuring the medical records were properly maintained, he had no involvement in King's examination or classification, and Dr. Gwyn Atnip conducted the physical examination of King that resulted in King's medical classification. Marks attached King's medical classification report, signed by Dr. Atnip, which notes restriction of assignments requiring prolonged stooping, running, or jumping; lifting more than 25 pounds; or doing overhead work for more than 8 hours.
 
 
 4
 King also moved for summary judgment and attached a copy of his August 1992 grievance which asserted that the ADC was trying to force him to work despite his disability; the warden or assistant warden had responded on the form, "Mr. Marks states you are not totally disabled and you are appropriately classified." King filed an affidavit stating that he was not suing Marks for improperly classifying him. In another document filed with the court, King asserted that he sued Marks "for saying [he] was not disable[d] to work" at the ADC, and that "[t]his medical action of Bill Marks on a grievance form ... caused [him] to be continually locked up for not working," even though the Arkansas State Hospital had "ruled" he was disabled.
 
 
 5
 The district court found that "[i]t [was] apparent that [Marks] was not responsible for determining whether [King] was physically capable of a work assignment and that he was merely relaying information to ADC officials when questioned about [King's] physical ability to perform the work to which he was assigned." The court noted that what King really wanted was to be reclassified. The court concluded that Marks was not the appropriate party to be sued, and granted Marks's summary judgment motion, denied King's motions for summary judgment and appointment of counsel, and denied all of King's other pending motions as moot.
 
 
 6
 King now argues that the district court erred in granting summary judgment to Marks, because King proved Marks was responsible for his continued assignment to punitive isolation; in making credibility determinations, because King had requested a jury trial; and in refusing to appoint counsel.
 
 
 7
 We review de novo a district court's grant of summary judgment. Czajka v. Caspari, 995 F.2d 870, 871 (8th Cir. 1993) (per curiam). " 'To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States....' " Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). "Liability under [section] 1983 requires a causal link to, and direct responsibility for, the deprivation of [constitutional] rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990).
 
 
 8
 We conclude that the district court's grant of summary judgment in favor of Marks was not error because King failed to state a claim. King attested that he was not suing Marks for improperly classifying him, and he did not allege that Marks knew Atnip's classification of King was incorrect or that Marks purposefully presented false information to prison officials. See Whitley v. Albers, 475 U.S. 312, 319 (1986) ("obduracy and wantonness, not inadvertence or error in good faith, ... characterize ... conduct prohibited by" Eighth Amendment).
 
 
 9
 Because King failed to state a claim, we need not consider his argument that the district court improperly made credibility determinations when granting summary judgment to Marks; we note, however, that the court merely relied on unrefuted statements of fact in Marks's affidavit. Finally, the district court did not abuse its discretion by denying King's request for appointment of counsel. See Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir. 1992) (per curiam) (standard of review). An examination of his pro se pleadings indicates King was aware of the issues present, and he made the court aware of those issues. See id.
 
 
 10
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 The Arkansas Department of Correction was later dismissed after King stated he did not object