**ALLSTATE INDEMNITY COMPANY,**
**Plaintiff–Appellee,**

v.

**Edward G. GONZALES and Angel Gonzales, Defendants–Appellants.**

**No. 94CA0358.**

Colorado Court of Appeals,
Div. V.

July 13, 1995.

Hall & Evans, L.L.C., Alan Epstein, Denver, Ross & Hardies, Peter J. Valeta, Chicago, IL, for plaintiff-appellee.

Leroy P. Goter, Frederick, for defendants-appellants.

Opinion by Judge ROTHENBERG.

Defendants, Edward G. and Angel Gonzales, appeal from the declaratory judgment entered in favor of plaintiff, Allstate Indemnity Company. We affirm.

## I.

Angel Gonzales (injured defendant) was seriously injured in an accident while riding as a passenger on an uninsured motorcycle owned and driven by her husband, Edward.

At the time of the accident on the uninsured motorcycle, the defendants owned three automobiles which were covered under an insurance policy issued by Allstate. Therefore, the injured defendant filed a claim for uninsured motorist benefits under the Allstate policy which provided uninsured motorist coverage for bodily injury.

Allstate denied her claim based upon an express policy exclusion which provided:

Allstate will not pay any damages an insured person is legally entitled to recover because of:

. . . .

3. bodily injury to an insured person arising out of the ownership, maintenance, or use by an insured person of a motor vehicle with less than four wheels.

Allstate then filed this declaratory judgment action seeking a determination of its obligations under the policy. The parties filed cross-motions for summary judgment. The trial court granted Allstate's motion and entered judgment in its favor after finding that: (1) Allstate had no obligation to provide uninsured motorist benefits to the injured defendant; and (2) the exclusion of motorcycles from uninsured motorist coverage does not violate public policy.

## II.

The sole issue on appeal is whether the exclusion of motorcycles from uninsured motorist coverage in the policy violates public policy. We hold that it does not and, therefore, that defendants may not recover.

■ The rights and duties of the parties to an automobile insurance policy are defined by the terms and conditions of the insurance contract. As in other areas of contract law, the language of the insurance policy is determinative of the intent of the parties, and its interpretation is a question of law. *Lopez v. Dairyland Insurance Co.,* 890 P.2d 192 (Colo.App.1994).

■ An unambiguous insurance contract must be given effect according to the ordinary and plain meaning of its terms. *See Keely v. Allstate Insurance Co.,* 835 P.2d 584 (Colo.App.1992). A court may not rewrite an unambiguous policy nor limit its effect by a strained construction. *Terranova v. State Farm Mutual Automobile Insurance Co.,* 800 P.2d 58 (Colo.1990).

Here, neither party asserts that the Allstate policy is ambiguous. As quoted above, it specifically excludes uninsured motorist coverage to an insured for injuries arising from use of a motor vehicle with less than four wheels. This language unambiguously excludes uninsured motorist coverage for the injuries sustained here because the injured defendant was a passenger on her husband's uninsured motorcycle. *Cf. Passamano v. Travelers Indemnity Co.,* 882 P.2d 1312 (Colo.1994) (language of § 10–4–609, C.R.S. (1994 Repl.Vol. 4A) is not limited by the definition of "policy" contained in § 10–4–601, C.R.S. (1994 Repl.Vol. 4A), and accordingly, car rental companies are required to provide the option of purchasing uninsured motorist coverage to lessees).

Nevertheless, defendants contend that the policy exclusion violates public policy. We do not agree.

■ Despite the fact that a term in a policy is unambiguous, it may be void and unenforceable if it violates public policy by attempting to dilute, condition, or limit statutorily mandated coverage. *Terranova v. State Farm Mutual Automobile Insurance Co., supra.*

■ Uninsured motorist protection is mandated by § 10–4–609, C.R.S. (1994 Repl. Vol. 4A). The purpose of uninsured motorist coverage is to compensate an innocent insured for loss, subject to the insured's policy limits, caused by financially irresponsible motorists.

■ Section 10–4–609 does not require full indemnification of losses suffered at the hands of uninsured motorists under all circumstances. The legislative intent is satisfied by coverage that compensates a person injured by an uninsured motorist to the same extent as one injured by a motorist who is insured in compliance with the law. *Terranova v. State Farm Mutual Automobile Insurance Co., supra.*

■ A policy term is not void as against public policy simply because it narrows the circumstances under which coverage applies. *See Williams–Diehl v. State Farm Fire & Casualty Co.,* 793 P.2d 587 (Colo.App.1989) ("owned but uninsured vehicle" exclusion not contrary to public policy).

■ When the General Assembly defines a term in a statute, such term must be given its defined meaning, and such definition is applicable to the term whenever it appears in the statute, except when a contrary intention plainly appears. Statutory definitions of words used elsewhere in the same statute furnish authoritative evidence of legislative intent. *R.E.N. v. City of Colorado Springs,* 823 P.2d 1359 (Colo.1992).

■ "Uninsured motor vehicle" is not defined under § 10–4–609, other than by reference to coverage for damages inflicted by an underinsured motor vehicle, which is defined as a "land motor vehicle." However, § 10–4–601(2), C.R.S. (1994 Repl.Vol. 4A), the definition section of the Uninsured Motorist Statute, defines the term "policy" as:

[A]n automobile insurance policy . . . under which the insured motor vehicles therein designated are of the following types only:

(a) A motor vehicle of the private passenger or station wagon type . . . or

**956**

(b) Any other four-wheel motor vehicle....

The definition of "policy" is to be used "unless the context otherwise requires." Section 10–4–601, C.R.S. (1994 Repl.Vol. 4A).

Since no contrary intention plainly appears in § 10–4–601, and since the context does not otherwise require, we apply the definition set forth in § 10–4–601(2). That language makes it apparent that the General Assembly did not intend for a motorcycle to be one of the types of vehicles designated as an insured vehicle subject to the statutory "policy" provisions. *See Keely v. Allstate Insurance Co., supra* (uninsured motorist insurer not required as a matter of public policy to extend uninsured motorist coverage to damages arising from operation of snowmobile used off public roads).

Consistent with the statute, the Allstate policy excludes coverage for "vehicles with less than four wheels," which includes motorcycles. *See also Lopez v. Dairyland Insurance Co., supra* ("excluded driver" provision in policy does not trigger an insurer's obligation to pay uninsured motorist coverage when excluded driver causes an accident; provision not contrary to public policy); *Terranova v. State Farm Mutual Automobile Insurance Co., supra* (exclusion from uninsured motor vehicle coverage of vehicle insured under the liability terms of a policy does not violate the legislative purposes and the public policy underlying § 10–4–609).

In summary, we hold that the policy exclusion for motorcycles does not violate public policy. *Accord Beloff v. Progressive Casualty Insurance Co.,* 203 Conn. 45, 523 A.2d 477 (1987); *National Union Fire Insurance Co. v. Ragil,* 72 Haw. 205, 811 P.2d 473 (1991); *Preferred Risk Mutual Insurance Co. v. Oliver,* 551 S.W.2d 574 (Ky.1977); *Brackett v. Middlesex Insurance Co.,* 486 A.2d 1188 (Me. 1985); *Eurick v. Pemco Insurance Co.,* 108 Wash.2d 338, 738 P.2d 251 (1987). *But see Barnett v. Crosby,* 5 Kan.App.2d 98, 612 P.2d 1250 (1980). *See generally* G. Couch, *Cyclopedia of Insurance Law* § 45:638 (R. Anderson 2d ed. 1967); J. Appleman, *Insurance Law & Practice* § 5078.15 (1981).

Accordingly, the trial court properly entered a declaratory judgment in favor of Allstate.

The judgment is affirmed.

STERNBERG, C.J., and RULAND, J., concur.