**Pamela A. DAVENPORT, Administrator of the Estate of Lona R. Dugan, Deceased, Appellee,**

v.

**AID INSURANCE COMPANY (MUTUAL), Appellant.**

No. 68352.

Supreme Court of Iowa.

June 15, 1983.

James E. O'Donohoe of O'Donohoe, O'Connor & O'Donohoe, New Hampton, for appellant.

Alfred A. Beardmore, Charles City, for appellee.

Considered by HARRIS, P.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

SCHULTZ, Justice.

Lona R. Dugan was killed in a collision between her Volkswagen and a vehicle driven by Steven Hutzell, an uninsured motorist. Pamela Davenport, the administrator of Dugan's estate, obtained a judgment against Hutzell in the amount of $100,000, but was unable to collect it. She subsequently filed an action against Volkswagen in which she alleged that Dugan's automobile had been defectively designed. That action was settled when Volkswagen paid the estate $60,000 in exchange for plaintiff's covenant not to proceed.

Davenport then filed a claim against Aid Insurance Company (Mutual) which had sold Dugan an auto insurance policy that included uninsured-motorist coverage. Mutual denied the claim and Davenport brought suit seeking a recovery of $10,000, the maximum policy benefit. Mutual answered, raising three affirmative defenses: (1) that plaintiff's settlement and covenant not to proceed against Volkswagen violated the trust and subrogation provisions of the insurance contract, (2) that the terms of the insurance contract provided that amounts due under the uninsured motorist clause could be reduced by all sums recovered for bodily injury by a third party tortfeasor, and (3) that plaintiff's recovery from Volkswagen and execution of a covenant not to sue without obtaining from the insurer a waiver of rights of contribution or indemnity against Volkswagen violated the trust and subrogation provisions of the insurance contract.

The matter was submitted to the trial court on a stipulation of facts. The court concluded that the purpose of the uninsured motorist coverage is to make the injured plaintiff as whole as possible and that the plaintiff was therefore entitled to recover on her uninsured motorist claim because the settlement from Volkswagen plus the uninsured motorist coverage did not fully compensate the plaintiff for the $100,000 damage award against the uninsured motorist. Mutual appeals from this ruling. We find the provision of the insurance policy which allows the insurer to offset any recovery from a third party tortfeasor against its liability on the uninsured motorist clause to be valid. Accordingly, we reverse.

■ The policy provides the insurer with subrogation rights against third parties after payments to the insured and with a corollary right to limit liability on account of the insured's settlements from other sources. Mutual asks the court to enforce the provision of the uninsured motorist coverage that limits its liability for the insured's injury by "all sums paid on account of such bodily injury ... by any other person or organization jointly or severally liable together with" the uninsured motorist. This provision is to be read in connection with the applicable statute, chapter 516A, and if it is contrary to the statute it is not effective. *Benzer v. Iowa Mutual Tornado Insurance Association,* 216 N.W.2d 385, 388 (Iowa 1974); *Selken v. Northland Insurance Co.,* 249 Iowa 1046, 1052, 90 N.W.2d 29, 32 (1958). Since Mutual drafted

this provision to comply with its interpretation of chapter 516A, its validity is dependent on our agreement with Mutual's interpretation of that statute.

Iowa Code chapter 516A (1981) is intended to provide protection against uninsured motorists. The operative language of section 516A.1 of that chapter provides "[n]o automobile liability ... insurance policy ... shall be delivered or issued for delivery ... unless coverage is provided in such policy ... for the protection of persons insured under such policy who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle ...." Coverage should include limits for bodily injury or death at least equal to $10,000 per person and $20,000 per accident. Iowa Code § 516A.1 (1981).

The focus of the litigation initially is on section 516A.4, which governs reimbursement of an insurer which makes payment under the terms of section 516A.1. Section 516A.4 provides:

> In the event of payment to any person under the coverage required by this chapter and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made,
> ...

Mutual interprets section 516A.4 to grant the insurer the proceeds of a settlement with the uninsured motorist or any other party to the extent of its payment. Plaintiff contends that the insured should be able to recover from whatever source available an amount that does not exceed the amount of his damages. The insurer would be subrogated to any money in excess of that amount.

Courts in the majority of states with provisions similar to section 516A.4 have adopted the interpretation urged by plaintiff. *See e.g., Hughes v. State Farm Mutual Automobile Insurance Co.,* 604 F.2d 573 (8th Cir.1979) (North Dakota); *White v. Nationwide Mutual Insurance Co.,* 361 F.2d 785 (4th Cir.1966) (Virginia); *Perez v. Ford Motor Co.,* 408 F.Supp. 318 (D.La.1975), *aff'd,* 527 F.2d 1391 (5th Cir.1976); *United Services Automobile Association v. Cotter,* 241 So.2d 733 (Fla.App.1970); *Capps v. Klebs,* 178 Ind.App. 293, 382 N.E.2d 947 (1978); *Wescott v. Allstate Insurance Co.,* 397 A.2d 156 (Me.1979); *Milbank Mutual Insurance Co. v. Kluver,* 302 Minn. 310, 225 N.W.2d 230 (1974); *Craig v. Iowa Kemper Mutual Insurance Co.,* 565 S.W.2d 716 (Mo. App.1978); *Raitt v. National Grange Mutual Insurance Co.,* 111 N.H. 397, 285 A.2d 799 (1971); *Walls v. City of Pittsburgh,* 292 Pa.Super. 18, 436 A.2d 698 (1981); *Hawaiian Insurance and Guaranty Co. v. Mead,* 14 Wash.App. 43, 538 P.2d 865 (1975). *Cf. Security National Insurance Co. v. Hand,* 31 Cal.App.3d 227, 107 Cal.Rptr. 439 (1973). *Contra Mills v. Farmers Insurance Exchange,* 231 Cal.App.2d 124, 41 Cal.Rptr. 650 (1964); *Ackermann v. Prudential Property and Casualty Insurance Co.,* 83 Ill. App.3d 590, 39 Ill.Dec. 150, 404 N.E.2d 534 (1980); *Ziolkowski v. Continental Insurance Co.,* 8 Mass.App. 667, 396 N.E.2d 723 (1979); *Traders and General Insurance Co. v. Reynolds,* 477 S.W.2d 937 (Tex.Civ. App.1972). *See also Lahti v. Finnish Mutual Insurance Co.,* 76 Mich.App. 398, 256 N.W.2d 610 (1977); *State Auto Insurance Co. v. Cummings,* 519 S.W.2d 773 (Tenn.1975).

In construing a nearly identical statute the supreme court of Minnesota determined that it would be absurd to permit subrogation when the insured had not been fully compensated. *Kluver,* 302 Minn. at 213, 225 N.W.2d at 232. The court decided that if subrogation is allowed under those circumstances the insurer would be permitted to avoid its statutory obligation to provide uninsured motorist coverage and, in addition, would deprive the insured of benefits she had purchased. The court reasoned that if the insurer was subrogated to proceeds recovered from a party other than the uninsured motorist, the insured would be in a worse position than if the negligent motorist had carried insurance,

thus defeating the legislature's purpose in mandating coverage for uninsured motorists. *Id.*

The construction urged here by Mutual would yield the result found absurd by the Minnesota Supreme Court. Had the uninsured motorist here actually been insured in the minimum amount required by section 321A.1(10)—$10,000—plaintiff would have been able to collect $10,000 from that motorist's insurer. *See* Iowa Code ch. 516 (1983). She would also, of course, have been able to collect the $60,000 from Volkswagen. Under Mutual's interpretation, plaintiff would be able to recover nothing from the insurer if she received $10,000 or more from any other source.

A majority of state courts which construe statutes corresponding to section 516A.4 would disallow any provision of an insurance contract that would permit the insurer to be subrogated before the insured is fully compensated. We believe that under a statute like section 516A.4 standing alone the majority view more likely reflects the intent of the Iowa legislature.

Although our conclusion indicates that we are favorable to the majority view, we have on two occasions arrived at another result after examining all sections of chapter 516A. In both *Westhoff v. American Interinsurance Exchange,* 250 N.W.2d 404 (Iowa 1977) (uninsured motorist provision prohibiting stacking of coverage is valid), and *McClure v. Employers Mutual Casualty Co.,* 238 N.W.2d 321 (Iowa 1976) (prohibits stacking of coverage), we found that the language of section 516A.2 required us to follow a minority view.

Section 516A.2 provides as follows:

[N]othing contained in this chapter shall be construed as requiring forms of coverage provided pursuant hereto, whether alone or in combination with similar coverage afforded under other automobile liability or motor vehicle liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum

limits for bodily injury or death prescribed in subsection 10 of section 321A.1. Such forms of coverage may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits.

Only Tennessee has a provision nearly identical to section 516A.2. In both *Westhoff* and *McClure* we looked to the Tennessee court's interpretation of that provision. The Tennessee Supreme Court has stated that the purpose of its statutes is to "provide protection up to the minimum statutory limits for bodily injuries which the claimant would have received had he been injured by an insured motorist." *Rogers v. Tennessee Farmers Mutual Insurance Co.,* 620 S.W.2d 476, 479 (Tenn.1981). That court has reasoned that provisions operating to reduce uninsured motorist coverage where other coverage or other benefits are available to the insured arising from the accident causing the loss are valid if such provisions do not operate to deny payments to an insured of less than the statutory minimum. *Terry v. Aetna Casualty and Surety Co.,* 510 S.W.2d 509 (Tenn.1974). In *State Automobile Mutual Insurance Co. v. Cummings,* 519 S.W.2d 773, 775 (Tenn.1975), the court held that the section authorizes policy provisions that "limit the recovery to a maximum collection of $10,000 from *all* insurance or other benefits available to him." (emphasis added).

We can fairly draw the conclusion from the above language that the Tennessee court would adopt in this case the result urged by Mutual. *See Thompson v. Parker,* 606 S.W.2d 538 (Tenn.App.1980) (insurer may offset its liability by whatever amount from whatever source the insured receives it).

In *McClure* we followed the lead of the Tennessee court in *Terry* and stated that workmens' compensation benefits are "insurance or other benefits" pursuant to section 516A.2 which offset the insurer's liability. 238 N.W.2d at 329. The majority opinion recognized that it is generally the rule that policy clauses which deduct workmens' compensation benefits from the uninsured

motorist coverage are not valid absent legislative intent to allow such clauses. However, it found such intent in the language of the second sentence of section 516A.2 and upheld a clause providing for such a deduction. *McClure,* 238 N.W.2d at 328. Three justices disagreed with the conclusion of the majority, expressing in a special concurrence that by "insurance or other benefits" the legislature intended to include only payments which purport to compensate the injured person for tort damages. *McClure,* 238 N.W.2d at 330 (McCormick, J., concurring). The majority in *McClure* then held that the compensation benefits were not deductible because they were paid to two different legal entities and there was thus no duplication of benefits. 238 N.W.2d at 329–30.

■ Our holdings in *McClure* and *Westhoff* do not reach the question of whether damages recovered by an insured from a third-party tortfeasor must be deducted from the benefits due under the uninsured motorist clause if the insured has not been fully compensated. The holdings do indicate, however, that we reject the majority view when the plain language of the statute points to a contrary result. Here, the plain language of section 516A.2 compels us to reject the majority view and to allow insurers the right to prepare policies which prevent "duplication of insurance or other benefits." Our decisions in *McClure* and *Westhoff* are consistent with our conclusion here that Mutual is allowed to provide in its policy that its liability to the insured shall be reduced by any other payments the insured receives. The settlement from Volkswagen does compensate the estate for tort damage and is within the category "insurance or other benefits" under section 516A.2. Thus, the provisions of the insurance contract are in accord with chapter 516A and may be enforced as valid. Accordingly, plaintiff is not entitled to recover the $10,000 from Mutual as she has already obtained a $60,000 settlement from Volkswagen.

Plaintiff's argument based on reasonable expectations is without merit.

We reverse and remand this case to the district court to make entry in accordance with this opinion.

REVERSED AND REMANDED.