Timothy RINGELBERG, Administrator of the Estate of Danielle Ringelberg, Zachary Ringelberg, by his Next Friend, Timothy Ringelberg, Christopher Ringelberg, by his Next Friend, Timothy Ringelberg, and Timothy Ringelberg, Individually, Appellants,

v.

EMC INSURANCE GROUP, INC., an Iowa Corporation, Appellee.

No. 02–0163.

Supreme Court of Iowa.

April 2, 2003.

Michael J. Jacobsma of Klay, Veldhuizen, Bindner, De Jong & Jacobsma, P.L.C., Orange City, for appellants.

Mark L. Tripp and David N. May of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

CARTER, Justice.

Zachary Ringelberg, Christopher Ringelberg, and the estate of their deceased sister, Danielle Ringelberg, appeal from the decision in a declaratory-judgment action that interpreted the uninsured-motorist coverage in a family auto policy as providing only minimum limits. Although the policy in question had uninsured-motorist coverage with limits of $250,000 per person and $500,000 per accident, endorsements to the policy provided a step-down of that limit to the minimum limit provided by law, i.e., $20,000 per person and $40,000 per accident, in the event that the liability coverage under the policy was not available because of a policy exclusion. The policy had an endorsement that excluded liability coverage with respect to claims by family members. Appellants urge that the step-down clause is impermissible under Iowa Code section 516A.2 (2001) because it does not serve the purpose of preventing duplication of benefits. We disagree with that contention and affirm the judgment of the district court.

Kari Ringelberg lost control of her vehicle, and the single-car accident that followed resulted in the death of her daughter, Danielle, and injuries to her two sons,

Zachary and Christopher. All of the children were minors and resided with their parents. The Ringelberg family was insured under a family automobile insurance policy issued by defendant, EMC Insurance Group (EMC). An endorsement to the policy contained a family-member exclusion with respect to liability coverage.[1] Although the policy's uninsured-motorist coverage had limits of $250,000 per person and $500,000 per accident, another endorsement to the policy provided that, if the policy's liability coverage was not available as a result of a policy exclusion, the uninsured-motorist limit was stepped down to $20,000 per person and $40,000 per accident,[2] the minimum limit mandated by the Iowa financial responsibility law, Iowa Code § 321A.21(2)(b).

The appellants rejected EMC's offer to pay the minimum limit and instituted a declaratory-judgment action seeking a judicial determination that the step-down provision in the policy endorsement violated Iowa Code section 516A.2 and was against public policy. The district court granted summary judgment in favor of EMC.

The appellants urge that the step-down endorsement reducing the policy limits for uninsured-motorist coverage is contrary to the goals and limitations of Iowa Code section 516A.2. Although this court has previously upheld a similar step-down provision in *Krause v. Krause,* 589 N.W.2d 721 (Iowa 1999), they seek to avoid the result in *Krause* by urging the opinion in that case only considered whether the step-down provision at issue there was ambiguous or frustrated the reasonable expectations of the policyholder. Appellants urge that their public-policy argument based on the goals and limitations of chapter 516A presents an issue of first impression. Assuming that this is correct, we are convinced that this argument fails.

Section 516A.2 provides:

Except with respect to a policy containing both underinsured motor vehicle coverage and uninsured or hit-and-run motor vehicle coverage, nothing contained in this chapter shall be construed as requiring forms of coverage provided pursuant hereto, whether alone or in combination with similar coverage afforded under other automobile liability or motor vehicle liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits for bodily injury or death prescribed in subsection 11 of section 321A.1. Such forms of coverage may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits.

1. That endorsement provided: We do not provide Liability Coverage for any "insured" for "bodily injury" to you or any "family member."

2. That endorsement provided:
     If Uninsured Motorists Coverage is payable because liability coverage for "your covered auto" … is excluded for damages sustained in the accident:
     1. That part of the limit of liability shown for each person for Uninsured Motorists Coverage in the Declarations that does not exceed the limit specified in the financial responsibility law of Iowa, is our maximum limit of liability. . . .
     2. Subject to this limit for each person, that part of the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage that does not exceed the limit specified in the financial responsibility law of Iowa is our maximum limit of liability for all damages arising out of "bodily injury" resulting from any one accident.

Appellants urge that this court recognized in *Gentry v. Wise*, 537 N.W.2d 732 (Iowa 1995), that, in order to reduce the limits of uninsured-motorist benefits payable to an injured party as a result of policy conditions, those conditions must serve to avoid a duplication of benefits. That type of avoidance, appellants urge, is not an attribute of the step-down provision in the EMC policy.

The issue in the *Gentry* case was whether a setoff against uninsured-motorist benefits as a result of social security disability benefits was limited to social security benefits attributable to the accident or occurrence giving rise to the uninsured-motorist claim. We held that the right of setoff was so limited and referred to the duplication-of-benefits language in section 516A.2. Appellants argue that, because the limit on uninsured-motorist coverage in the *Gentry* case was well above the minimum limit, the decision stands for the proposition that any reduction of the stated policy limits may only be enforced if the reduction serves to prevent duplication of benefits.

In reassessing the issues presented in *Gentry*, we believe the result arrived at in that case would more properly have been based solely on an interpretation of the insurance contract rather than a resort to the duplication-of-benefit provisions in section 516A.2. As long as the conditions of an uninsured-motorist policy reducing the policy limits do not reduce those limits below the minimum amount provided by law, this is a matter to be decided between the contracting parties based on the language of their agreement. *See Preferred Risk Mut. Ins. Co. v. Federated Mut. Ins. Co.*, 611 N.W.2d 283, 285–86 (Iowa 2000) (policy condition reducing uninsured-motorist benefits for certain insureds to zero was only effective to reduce the stated policy limit to the minimum limit provided by law). In the present case, the agreement clearly limits uninsured-motorist coverage to the minimum limit allowed by law based on the absence of liability coverage due to a policy exclusion.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**